UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHNNY PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:11-cv-1127-WTL-DKL |
| ) | |
| LT. JT JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's complaint is accompanied by his request to proceed *in forma pauperis*. The plaintiff's present meager financial reserves do not tell the whole story in relation to his request to proceed *in forma pauperis*. The reason for this is his frivolous litigation under 28 U.S.C. § 1915(g). As noted in Part II of the Entry of December 7, 2005, in No. 1:05-cv-1592-RLY-TAB, this plaintiff has "struck out" under 28 U.S.C. § 1915.[1]

Therefore, he is not entitled to proceed *in forma pauperis*, unless the exception under 28 U.S.C. § 1915(g), that he "is under imminent danger of serious physical injury," applies. Those circumstances are not presented by his claims in this case.

**II.**

The plaintiff's request to proceed *in forma pauperis* [2] is therefore **denied**.

In some circumstances, the plaintiff would at this point be given a period of time in which to pay the filing fee. But not here. "A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999)). The plaintiff did not do so, opting instead to mislead the court as to his eligibility to proceed *in forma pauperis.* The consequence is clear:

---

[1] In *Evans v. Illinois Department of Corrections,*150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know the cases the court relies on when making the three-strikes determination. These cases were identified in the Entry of December 7, 2005, in No. 1:05-cv-1592- RLY-TAB and need not be repeated here.

> An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit.

*Sloan,* 181 F.3d at 859.

The plaintiff commenced the litigation under false pretenses. The only appropriate action in these circumstances is the immediate termination of the suit. The dismissal shall be without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date:   09/01/2011


_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana